INTERNMATCH, INC.

v.

NXTBIGTHING, LLC and CHAD BATTERMAN

DECLARATION

AND

RULE 26 EXPERT REPORT

OF

CHRISTIAN B. HICKS

1 **INTRODUCTION**:

   1.1 **Background**: My name is Christian Hicks. I am a managing director of Elysium Digital, A Stroz Friedberg Company ("Elysium"), which is a technical litigation consulting company located in Boston, Massachusetts, and which specializes in providing computer science and electrical engineering expertise for intellectual property, computer forensics, and other high-tech disputes. I have been retained by counsel for InternMatch, Inc. ("InternMatch") to opine on certain electronic evidence and computer forensics questions. I graduated *summa cum laude* with an A.B. in Computer Science from Princeton University in 1997. I received training in data forensics from NTI in 2003, and additional training and certification from GIAC in 2015. Since co-founding Elysium in 1997, I have worked on more than 130 technical matters. I have been qualified as an expert in federal court on matters of computer forensics, including as a witness for the prosecution in *United States v. Therrien* 1:07-cr-10238-MLW (D. Ma 2009). My *curriculum vitae* is attached as Exhibit A.

   1.2 **Materials Considered:** In forming my opinions, I have considered Mr. Batterman's insurance claim file, Mr. Batterman's deposition, my experience, and any other materials referenced in this declaration and report.

   1.3 **Compensation:** Elysium is being compensated $520 per hour for my time. This compensation does not depend on the outcome of this case.

2 **OVERVIEW:**

   2.1 I understand that Defendants Chad Batterman and NxtBigThing, LLC claim that a power surge in Mr. Batterman's apartment damaged his computer equipment that allegedly contained electronically-stored files related to his claimed

2

InternMatch business, such as customer lists and marketing material. I understand that he claims to have discarded that equipment.

2.2 This declaration and report does not address the question of how plausible or implausible it is that a power surge happened in the manner as claimed by Mr. Batterman. This declaration and report only deals with the question of how likely it is that the data stored on the equipment could have been recovered *even if* this power surge event had occurred. I have been involved with dozens of instances where electronic equipment such as laptops, desktops, smartphones, and external hard drives were damaged by catastrophic events. I am familiar with how electronic data are stored and retrieved on these devices.

3 **EQUIPMENT IN QUESTION:**

3.1 Examination of Mr. Batterman's insurance claim files reveals the list of equipment that Mr. Batterman claims was destroyed by a power surge. It was:

3.1.1   iMac purchased 08/22/2011

3.1.2   MacBook Pro purchased 05/18/2007

3.1.3   MacBook Air purchased 10/15/2011

3.1.4   MacBook purchased 05/2008

3.1.5   Apple Time Capsule/Airport purchased 08/20/2011

3.1.6   iPad Mini purchased 10/26/2012

3.1.7   Apple TV purchased 05/12/2011

3.1.8   Mac Mini purchased 08/30/2011

3.1.9   Powerbook purchased in 2005

3.1.10   Iomega 3TB external hard drive purchased in 2011

3.1.11   Apple Thunderbolt display purchased in 2011

## 4   STORAGE TECHNOLOGIES AT ISSUE:

4.1   I am familiar with the type of equipment listed above in Section 3.1 of this report. The equipment in question included two kinds of storage technology: Solid state drives ("SSDs"), also known as "flash drives," and hard drives.

    4.1.1   <u>SSD</u>: Solid state drives consist of chips that store data in a manner that persists even when the power is turned off.

    4.1.2   <u>Hard Drive</u>: Hard drives have spinning platters that use magnetic patterns to store data.

## 5   RECOVERY:

5.1   SSD and hard drive storage are highly likely to hold recoverable data even if the computer has been damaged by a power surge. In both cases, a technician can remove the storage medium and connect it to a working computer. If the data are still intact, the technician can then copy the data onto a new storage device. I have been involved in data recovery situations where SSD and hard drives were damaged by catastrophic events such as electrical overload, severe water damage, and/or deliberate sabotage. In most of those instances, some if not all of the data were recovered.

5.2   Hard drives are particularly resilient against data loss. The magnetic patterns in the platters are quite resilient. Technicians can transplant the platters into a working hard drive, at which point the data on the platters becomes once more accessible.

## 6   CONCLUSION:

6.1   If we assume that Mr. Batterman's claims about the power surge damaging his

computers were true, then in my opinion it is highly likely that some, if not most, of the data on his computer equipment would have been recoverable had he not discarded them.

I declare under penalty of perjury pursuant to the laws of the United States of America, that the foregoing is true and correct to the best of my information belief and knowledge.

_____                   29 Oct 2015
Christian B. Hicks                                               Date

# CERTIFICATE OF SERVICE

I hereby certify that on this date I caused to be served the foregoing pleading on the following counsel of record by the method indicated:

| | |
|---|---|
| Quinn Joseph Chevalier<br>Schinner & Shain, LLP<br>96 Jessie Street<br>San Francisco, CA 94105<br>Tel: (415) 369-9050<br>Fax: (415) 369-9053<br>Email: chevalier@schinner.com<br><br>Attorneys for Defendant and Counter-Claimant NXTBIGTHING, LLC and Defendant CHAD BATTERMAN | ☐ Via Messenger<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail<br>☒ Via ECF Notification |

Dated this 12th day of November, 2015.

/s/ *J. Michael Keyes*
J. Michael Keyes

-1-

CERTIFICATE OF SERVICE                                CASE NO. 3:14-CV-05438 JST