1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    INTERNMATCH, INC.,                          Case No.  14-cv-05438-JST

              Plaintiff,

8                                                **ORDER GRANTING MOTION FOR**
         v.                                      **VOLUNTARY DISMISSAL OF**
9                                                **COUNTERCLAIMS**

10   NXTBIGTHING, LLC, et al.,                    Re: ECF No. 83

              Defendants.

11

12          Before the Court is Defendant Nxtbigthing, LLC's motion to voluntarily dismiss its

13   counterclaims with prejudice.  ECF No. 83.  The Court will grant the motion.

14   **I.      BACKGROUND**

15          On December 12, 2014, Plaintiff InternMatch, Inc. filed this complaint against defendants

16   Nxtbigthing, LLC and Chad Batterman.  ECF No. 1.  InternMatch alleges five causes of action:

17   (1) false designation of origin; (2) cancellation for fraud on the USPTO; (3) cancellation for lack

18   of use in commerce; (4) declaratory judgment that InternMatch has superior rights to Nxtbigthing

19   and Chad Batterman in the INTERNMATCH trademark; and (5) unfair competition under

20   California's Business and Professions Code section 17200.  Id.  InternMatch alleges that

21   "Nxtbigthing and Mr. Batterman currently hold or control various trademark registrations and/or

22   trademark applications that have been or are being prosecuted through the use of false specimens

23   of use at the USPTO."  Id. ¶ 39.

24          Defendants Nxtbigthing and Chad Batterman answered the Complaint on February 25,

25   2015.  See ECF Nos. 31, 32.  Nxtbigthing also filed counterclaims alleging (1) trademark

26   infringement; (2) unfair competition under the Lanham Act; and (3) unfair competition under

27   California's Business and Professions Code section 17200.  See ECF No. 32.  Defendants' assert

28   that "[f]rom 2007 through current day, Mr. Batterman and Nxtbigthing have continuously and

United States District Court
Northern District of California

1    extensively used the mark INTERNMATCH® in interstate commerce." Id. ¶ 14.

2           On October 12, 2015, InternMatch's counsel sent a letter to Nxtbigthing's counsel that

3    described "the frivolous nature" of the counterclaims. See ECF No. 67-3.  On October 30, 2015,

4    InternMatch served expert reports on Defendants, including a report that opined that no damages

5    could be recovered from Nxtbigthing's infringement counterclaim. See ECF No. 87 at 4; ECF No.

6    89, Lewis Decl., Ex. 1.  On November 4, 2015, Nxtbigthing informed InternMatch via email that it

7    wanted to drop its counterclaims.  ECF No. 67-5.

8           Nxtbigthing now seeks to dismiss its counterclaims with prejudice.  ECF No. 83.

9    InternMatch does not oppose the dismissal of Nxtbigthing's counterclaims but requests that the

10   Court condition the dismissal upon an award of attorneys' fees and costs.  ECF No. 87.

11   **II.     LEGAL STANDARD**

12          Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, after an opposing party has

13   served an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's

14   request only by court order, on terms that the court considers proper."  FED. R. CIV. P. 41(a)(2).

15   "This rule applies to dismissal of any counterclaim, crossclaim, or third-party claim."  FED. R. CIV.

16   P. 41(c).  The decision to grant or deny a request to dismiss pursuant to Rule 41(a)(2) is within the

17   district court's sound discretion.  Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980)

18   (internal citation omitted).  However, "[a] district court should grant a motion for voluntary

19   dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal

20   prejudice as a result."  Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (citing Waller v. Fin.

21   Corp. of Am., 828 F.2d 579, 583 (9th Cir. 1987)).  Legal prejudice means "prejudice to some legal

22   interest, some legal claim, [or] some legal argument."  Westlands Water Dist. v. United States,

23   100 F.3d 94, 97 (9th Cir. 1996).

24          In resolving a motion under Rule 41(a)(2), a court must determine whether to allow

25   dismissal, whether the dismissal should be with or without prejudice, and what terms and

26   conditions, if any, should be imposed.  See Williams v. Peralta Cnty. Coll. Dist., 227 F.R.D. 538,

27   539 (N.D. Cal. 2005).

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1

### III.   DISCUSSION

2
Nxtbigthing requests that the Court dismiss its counterclaims with prejudice because it

3
cannot meet its burden of proving damages and can "defend its rights equally well in its capacity

4
merely as a defendant to the case in chief."  ECF No. 83 at 3.  Nxtbigthing argues that InternMatch

5
should not be awarded attorneys' fees because, even without the counterclaims, Plaintiff would

6
have expended the same efforts in this advancing its claims.  Id. at 7.  InternMatch does not

7
oppose the dismissal with prejudice, but contends that this is an exceptional case that warrants the

8
award of costs and attorneys' fees incurred in defending against the counterclaims.  ECF No. 87 at

9
7.  InternMatch asserts Nxtbigthing knew that its counterclaims were meritless from the outset and

10
only belatedly filed the instant motion.  Id. at 8.

11
The Court will dismiss the counterclaims with prejudice.  The Court finds that no legal

12
prejudice will result from the dismissal because Nxtbigthing cannot bring its claims in another

13
federal suit.  See Smith, 263 F.3d at 975.  The Court must next determine whether to impose fees

14
and costs as a condition of dismissal.  InternMatch argues that the award of attorneys' fees is

15
appropriate under either Rule 41(a)(2) or 15 U.S.C. § 1117(a).

16
Although the issue has not been resolved in the Ninth Circuit, district courts have

17
concluded that payment of fees and costs should not ordinarily be imposed as a condition for

18
voluntary dismissal with prejudice.  See Rodriguez v. Serv. Employees Int'l, No. C-10-01377 JCS,

19
2011 WL 4831201, at *3 (N.D. Cal. Oct. 12, 2011); Burnette v. Godshall, 828 F. Supp. 1439,

20
1443 (N.D. Cal. 1993).  Costs and fees may be imposed under "exceptional circumstances" or

21
pursuant to Federal Rule of Civil Procedure 11.  See Rodriguez, 2011 WL 4831201, at *3

22
(discussing Chavez v. Northland Grp., No. CV-09-2521-PHX-LOA, 2011 WL 317482, at *4 (D.

23
Ariz. Feb. 1, 2011)).  Courts should only award attorneys' fees for work "which is not useful in

24
continuing litigation between the parties." Koch v. Hankins, 8 F.3d 650, 652 (9th Cir. 1993).

25
Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to

26
the prevailing party."  15 U.S.C. § 1117(a).  "This requirement is met when the case is *either*

27
groundless, unreasonable, vexatious, or pursued in bad faith." Cairns v. Franklin Mint Co., 292

28
F.3d 1139, 1156 (9th Cir. 2002) (internal quotations and citations omitted).

1    The Court finds that this case is not "exceptional" to warrant the imposition of attorneys'

2 fees under Rule 41(a)(2) or 15 U.S.C. § 1117(a).  While Nxtbigthing elected to dismiss its

3 counterclaims after the close of fact discovery and filed the motion after the parties briefed

4 InternMatch's spoliation motion, ECF No. 63, the Court cannot attribute the timing of this motion

5 to any apparent gamesmanship.

6    InternMatch argues that this case is like Skydive Arizona, Inc. v. Quattrochi, where the

7 district court awarded plaintiff attorneys' fees incurred in preparing to defend against

8 counterclaims belatedly dismissed by the defendant.  704 F. Supp. 2d 841, 857 (D. Ariz. 2010)

9 rev'd in part sub nom. Skydive Arizona, Inc. v. Quattrocchi, 673 F.3d 1105 (9th Cir. 2012).  In

10 Skydive, however, the defendant informed the plaintiff for the first time that it contemplated

11 dropping its counterclaims on the first day of trial.  Id.  The defendant then dropped the

12 counterclaims after both parties made opening statements.  Id.  The court determined that by

13 delaying until the very last second, the defendant tried to treat the counterclaims "as a bargaining

14 chip or tool to leverage a better outcome."  Id.

15    In this case, however, the Nxtbigthing did not wait until the eleventh hour to dismiss its

16 counterclaims, and the Court has not decided in favor of InternMatch on any case dispositive

17 motions.[1]  Nxtbigthing sought to dismiss its counterclaims after determining that it can obtain

18 most of the relief sought "simply by defending its rights in its capacity as a defendant" and

19 because it cannot sufficiently prove lost profits.  ECF No. 83 at 5.

20    The Court also declines to award attorneys' fees because it does not have sufficient

21 information to distinguish the work InternMatch did to defend against the counterclaims from the

22 work necessary to advance its affirmative claims.  See Koch, 8 F.3d at 652 (holding that a party is

23

24    _____

[1] This is unlike the cases cited by InternMatch to support the award of attorneys' fees under the

25 Lanham Act.  ECF No. 87 at 7.  In Cairns v. Franklin Mint Co., the Ninth Circuit affirmed the district court's award of fees and costs after the court granted summary judgment to the defendant.

26 292 F.3d at 1145, 1156.  In Albrecht v. Tkachenko, the district court awarded fees and costs after dismissing the case with prejudice, No. 14-cv-05442-VC, 2015 WL 2227607, at *1. Finally, in

27 Vital Pharmaceuticals, Inc. v. Am. Body Bldg. Products, LCC, the district court awarded fees under the Lanham Act after finding in favor of the defendants on all claims upon the conclusion of

28 a bench trial.  510 F. Supp. 2d 1043, 1044.

United States District Court
Northern District of California

only entitled to recover, as a condition of dismissal under Rule 41(a)(2), attorneys' fees and costs for work that is not useful in continuing litigation between the two parties).  InternMatch has not described the separate work undertaken in defending against Nxtbigthing's counterclaims that would justify an award of fees and costs.

## CONCLUSION

For the foregoing reasons, the Court dismisses Defendant Nxtbigthing's counterclaims with prejudice, and denies InternMatch's request that the Court order the payment of its attorneys' fees and costs as a condition of dismissal.

IT IS SO ORDERED.

Dated:  February 11, 2016

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California