UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNMATCH, INC., <br><br>      Plaintiff, <br><br>   v. <br><br> NXTBIGTHING, LLC, et al., <br><br>      Defendants. | Case No.  14-cv-05438-JST <br><br> **ORDER DENYING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** <br><br> Re: ECF No. 146 |

On February 8, 2016, the Court entered an order which found that Defendants wilfully spoliated evidence such that Plaintiff was entitled to an adverse inference instruction, a preclusion order regarding the destroyed evidence, and attorneys' fees.  ECF No. 114 (spoliation order).  On March 8, 2016, Defendants appealed the order to the Ninth Circuit.[1]  ECF No. 116 (notice of appeal).

On June 9, 2016 – four months after the Court issued the spoliation order – Defendants filed a request seeking leave of court to file a motion for reconsideration.  ECF No. 146.

No motion for reconsideration may be brought without leave of court.  See Civil L.R. 7-9(a).  "The moving party must *specifically show reasonable diligence* in bringing the motion."  Civil L.R. 7-9(b) (emphasis added).  Additionally, the party must show one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or

---

[1] The Ninth Circuit dismissed the appeal for lack of jurisdiction on June 10, 2016.  See ECF No. 147, Ex. A.

> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Id.

The Court finds that Defendants have not shown reasonable diligence in bringing their request. The Court issued the spoliation on February 8, 2016, but Defendants raise new facts that were discovered *before* the Court issued the spoliation order. For example, Defendants highlight a letter Batterman received from his insurance carrier on February 5, 2016 regarding his insurance payouts. See ECF No. 146 at 6. Defendants also point to the results of data recovery conducted by DriveSavers on devices not related to Nxtbigthing. Id. at 5−6. Data recovery efforts took place in early January 2016. Id. at 6. The Court makes no finding as to the materiality of this information but stresses that Defendants had an opportunity to file a motion for reconsideration promptly thereafter to raise the emergence of these allegedly new and material facts.[2] Defendants additionally cite to evidence that Batterman's previous employer suffered a power surge in *2011*. ECF No. 146 at 7. This certainly cannot be considered a new fact that emerged after the Court's order.

Defendants also argue at length that the Court failed to consider material facts or arguments raised by Defendants in the proceedings leading up to the spoliation order. These arguments merely rehash the Defendants' earlier papers and do not support the filing of a motion for reconsideration. The Court carefully considered the evidence and arguments originally placed before the Court on the spoliation motion. Moreover, even if the Court had neglected to consider any of the facts or arguments identified by Defendants, they fail to explain why they waited more than four months after the Court's spoliation ruling – and after the grant of summary judgment to Plaintiff on most of its claims, ECF No. 145 – to seek reconsideration.

///

///

---

[2] The Court additionally notes that Defendants repeatedly state in their motion that the facts are supported by the "Separately filed Declaration of Chad Batterman in Support of Motion for Leave," ECF No. 146 at 5. Defendants did not file Batterman's supporting declaration until five days after filing this instant request.

1  Defendants have not shown reasonable diligence in requesting leave of court to file a
2  motion for reconsideration. <u>See</u> Civil L.R. 7-9(b). Accordingly, the request is denied.
3  IT IS SO ORDERED.
4  Dated: June 14, 2016

_____
JON S. TIGAR
United States District Judge