UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNMATCH, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>NXTBIGTHING, LLC, et al.,<br><br>    Defendants. | Case No.  14-cv-05438-JST<br><br>**ORDER REGARDING ATTORNEYS' FEES**<br><br>Re: ECF No. 147, 153 |

The Court previously awarded attorneys' fees and costs to Plaintiff after finding that Defendants wilfully spoliated evidence. See ECF No. 114. The Court later granted Plaintiff's application, awarding $67,377.50 in attorneys' fees and $1,944.95 in costs. ECF No. 140. Because Defendants appealed the spoliation order, the Court also ordered that the payment of the sum be stayed pending resolution of the appeal. Id. at 3. Plaintiff has notified the Court that the Ninth Circuit dismissed the appeal for lack of jurisdiction and requests that Defendants make payment within ten days. ECF No. 147. Defendants request the Court stay enforcement of the fee award pending resolution of Defendants' appeal of the Court's forthcoming order on Plaintiffs' motion for partial summary judgment. ECF No. 153.

The Court construes Plaintiff's request as a motion for partial judgment under Federal Rule of Civil Procedure 54(b). That rule permits a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir.1981). Plaintiff has not demonstrated a pressing need for an early and

1 separate judgment as to the award of attorneys' fees.  Furthermore, based on the post-argument
2 discussion between the Court and parties at the hearing conducted on June 9, 2016, it would
3 appear that final judgment in this action will soon be entered.
4 　　　　The request for entry of a separate judgment regarding the award of attorneys' fees is
5 denied.  For administrative ease, the Court will set a schedule regarding the payment of fees and
6 costs related to the spoliation in the Court's forthcoming written order granting Plaintiff's motion
7 for partial summary judgment.
8 　　　　IT IS SO ORDERED.
9 Dated:  June 16, 2016



JON S. TIGAR
United States District Judge