UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNMATCH, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>NXTBIGTHING, LLC, et al.,<br><br>    Defendants. | Case No. 14-cv-05438-JST<br><br>**ORDER DENYING DEFENDANT'S REQUEST TO STAY ENFORCEMENT AND COLLECTION OF FEE AWARD**<br><br>Re: Dkt. No. 167 |

The Court has not entered judgment in this case, using a form of judgment to which both parties agreed. See ECF Nos. 165, 167, 168.

The Court writes separately to address the Defendants' request that the Court stay enforcement of the $69,233.45 fee award contained in judgment pending the resolution of Defendants' appeal of this Court's summary judgment order. ECF Nos. 164 (notice of appeal), 167 at 2 (request). The Court cannot grant the request because Rule 62(d) of the Federal Rules of Civil Procedure provides that an appellant must post a supersedeas bond to stay the execution of a final judgment.[1] Fed. R. Civ. P. 62(d) ("If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . [t]he stay takes effect when the court approves the bond."). Defendant has made no argument as to why the Court should waive the bond requirement here. See Cotton ex rel. McClure v. City of Eureka, Cal., 860 F. Supp. 2d 999, 1028-29 (N.D. Cal. 2012) (holding that "[t]he appellant has the burden to 'objectively demonstrate' the reasons for departing from the

---

[1] "Although Federal Rule of Civil Procedure 62 provides that a supersedeas bond may be used to stay execution of a judgment pending appeal, the court has discretion to allow other forms of judgment guarantee." Int'l Telemeter Corp. v. Hamlin Int'l Corp., 754 F.2d 1492, 1495 (9th Cir. 1985). Defendants do not propose any alternative form of judgment guarantee.

1  usual requirement of a full supersedeas bond" and "find[ing] that Defendants have failed to make
2  a persuasive showing that a waiver of the bond requirement is warranted in this case").
3  Accordingly, the Court denies the Defendant's request.
4      IT IS SO ORDERED.
5  Dated: July 31, 2016

                                        JON S. TIGAR
                                      United States District Judge